UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRI JONES                                                    CIVIL ACTION

VERSUS                                                         NO. 19-505

ARTISTS RIGHTS ENFORCEMENT CORP.                               SECTION A(3)


## ORDER AND REASONS

Before the Court is a **Motion to Dismiss or Alternatively Motion to Transfer Venue (Rec. Doc. 7)** filed by Defendant Artist Rights Enforcement Corp. ("AREC"). Plaintiff Jerri Jones opposes this motion (Rec. Doc. 8). The motion, set for submission on April 3, 2019, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendant's motion should be **GRANTED** for the reasons set forth below.

## I.      Background

Joan Marie Johnson was a member of The Dixie Cups, a Louisiana based music group. (Rec. Doc. 1 Complaint, ¶ 6). On January 4, 1984, Johnson entered into a contract with AREC. (*Id.* at 4). The contract established that AREC would use its best efforts to obtain royalties owed to Johnson, and in return, AREC would retain fifty percent of those royalties. (*Id.* at 8). In October of 2016, Johnson passed away and bequeathed her music royalties to her niece and goddaughter, Jerri Jones. (*Id.* at 10). Plaintiff Jones, a Texas resident, filed the instant action against AREC, a New York corporation, asserting claims to Johnson's royalties pursuant to dissolution of the AREC contract. (*Id*. at 18). The Complaint alleges that this Court has proper diversity jurisdiction pursuant to 28 U.S.C. § 1332 and venue pursuant to 28 U.S.C. §1931. (*Id.* at 2-3). Defendant now requests this Court to dismiss the case pursuant to Federal Rule of Civil

Procedure 12(b)(2), and in the alternative, Defendant requests this Court to transfer the matter to a court of proper venue pursuant to 28 U.S.C. § 1404(a). (Rec. Doc. 7, p. 1).

## II.     Discussion

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir.2012). First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. *Id*. (citing *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir.1999)). The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir.2010) (citing *Walk Haydel & Assocs. v. Coastal Power Prod. Co*., 517 F.3d 235, 242–43 (5th Cir.2008)). Therefore, the relevant inquiry is whether jurisdiction comports with federal constitutional guarantees. *Id.*

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Minimum contacts may give rise to either "specific" jurisdiction or "general" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction exists when a plaintiff's cause of action arises from, or is related to, the nonresident defendant's minimum contacts in the forum state. *Id*. at 414 n. 8,

104 S.Ct. 1868. General jurisdiction exists if the defendant has engaged in "continuous and systematic" activities in the forum state. *Id*. at 415, 104 S.Ct. 1868. In order for a court to exercise general jurisdiction over a foreign corporation, the corporation's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014).

When the court does not hold an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir.1999). Where facts are disputed between the parties, the plaintiff presenting a prima facie case is entitled to have the conflicts resolved in his favor. *Id.* If the plaintiff makes a prima facie case that minimum contacts exist, the defendant has the burden of making a "compelling case" that the exercise of jurisdiction would be unfair so as to offend traditional notions of fair play and substantial justice. *Id.* With regard to Defendant's burden of showing that jurisdiction over him would be unfair, a court may consider the following factors:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.

*Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

AREC argues that Plaintiff's conclusory allegations do not satisfy a plaintiff's burden in demonstrating that this Court has personal jurisdiction. (Rec. Doc. 7-1, p. 6). AREC asserts that it is a New York corporation with its principal place of business in New York, New York; thus, it is a citizen, resident, and domiciliary of New York. (*Id.*). As a foreign corporation, AREC argues that it has not established any requisite contacts with Louisiana such to satisfy general

jurisdiction and render it "at home" in the state of Louisiana. (*Id.*). AREC also asserts that this Court lacks specific jurisdiction because AREC denies that it has purposefully availed itself of the benefits and protections of the laws of Louisiana. (*Id.* at 8). AREC states that Plaintiff can only cite to one contact AREC had with Louisiana which is that the contract was unilaterally signed by Johnson in Louisiana. (*Id.*). Also, if conversion did take place, AREC argues that any acts possibly facilitating conversion occurred in New York, not Louisiana because the royalties Plaintiff seeks to recover from AREC were remitted and maintained in a bank account in New York. (*Id.* at 11). Lastly, AREC argues that this Court requiring it to defend an action in Louisiana would offend traditional notions of fair play and justice because AREC does not conduct business in Louisiana and New York is over one thousand miles away. (*Id.* at 12).

Plaintiff counters that AREC deliberately and intentionally sought out business from Johnson and the other members of The Dixie Cups in Louisiana. (Rec. Doc. 8, p. 5). Plaintiff argues that AREC reached out to Louisiana residents to create a continuing contractual relationship with several artists including Johnson. (*Id.* at 7). Plaintiff cites to a Fifth Circuit decision regarding a case brought by AREC for royalty payments pursuant to a similar contract with another Louisiana artist, Huey Smith. (*Id.* at 6). She also argues that the Southern District of New York and the Superior Court of California have dismissed this matter for lack of personal jurisdiction over Plaintiff, and the Eastern District Court of Texas has dismissed this matter for lack of personal jurisdiction over AREC. (*Id.* at 2).

The Court finds that Plaintiff failed to present a prima facie case for this Court's personal jurisdiction over AREC. The only contacts that are before the Court to consider include: (1) AREC allegedly contacted Johnson, a Louisiana resident at the time, for business; and (2) Johnson thereafter unilaterally signed the contract in Louisiana. The existence of a contractual

relationship, although relevant, does not automatically establish sufficient minimum contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985). The Supreme Court has determined that "the prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, must be evaluated to determine whether a defendant purposefully established minimum contacts within the forum." *Id.* However, the Fifth Circuit held that communications relating to the performance alone are insufficient to establish minimum contacts. *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009). As the Court lacks any additional contacts or evidence to consider, it finds that the cited contacts are insufficient for purposes of specific jurisdiction. The Court also finds that these contacts fail to establish a continuous and systematic relationship such as to render AREC "at home" in Louisiana for purposes of general jurisdiction.

**III.   Conclusion**

Accordingly;

IT IS ORDERED that Defendant's a **Motion to Dismiss or Alternatively Motion to Transfer Venue (Rec. Doc. 7)** is **GRANTED**;

New Orleans, Louisiana, this 16th day of April, 2019.

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE